## McALLISTER v. STATE.  (No. 8049.)

(Court of Criminal Appeals of Texas. Feb. 20, 1924. Rehearing Denied April 30, 1924.)

**1. Criminal law ⊂⊃1088(14)—Bills of exception refused by trial judge have no proper place in transcript.**

Bills of exception marked refused by the trial judge for reasons given have no place in the transcript as a part of the evidence, and will not be considered.

**2. Criminal law ⊂⊃918(9)—Denial of motion for new trial because of defendant's lack of representation by counsel at previous trial held not error.**

Overruling motion for new trial for forcing defendant to trial in absence of his attorney held not error, where defendant had announced ready for trial, notwithstanding such absence, had made no effort to secure other counsel,

though notified his attorney would not be present, and where the evidence was overwhelming against him and no attempt. was made to substantiate averments that he had a good defense.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Bob McAllister was convicted of manufacturing liquor, and he appeals. Affirmed.

Howth & O'Fiel, of Beaumont, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for the manufacture of intoxicating liquor, the punishment being one year in the penitentiary.

Upon a search of appellant's premises between four and five gallons of homemade whisky was found, also two barrels of mash, two cans, and two coils. The equipment is characterized as two complete stills. The evidence shows that when connected up whisky could be made therewith. The cans were found in the dining room at appellant's house, one of the coils was under the bed and another between the mattresses; the cans and coils bore the odor of whisky and showed evidence of having been used. The whisky was found in fruit jars in appellant's bedroom; the barrels of mash were on a back gallery of the house.

[1] Five bills of exception appear in the record. The first, third, and fifth are marked refused for the reasons given by the learned trial judge, and therefore have no place in the transcript as a part of the record and will not be considered. The fourth, when considered in connection with the explanation attached by the court, presents no error.

[2] The only complaint which will receive attention is that appellant was forced to trial without his attorney being present. The record discloses that appellant is quite an elderly man. Some negotiations looking to their employment were carried on with Mr. Howth of the firm of Howth & O'Fiel. We understand from the evidence on motion for new trial that no fee had ever been paid them for their contemplated services. This case had been set for trial on the day it was called some two weeks prior thereto. Messrs. Howth & O'Fiel had been notified of the setting. On that date they were both engaged in the trial of cases at other points and were unable to be present. Appellant was notified of this fact and was advised to secure other counsel. Mr. Howth undertook to get some attorney to represent him, but in this was unsuccessful. He communicated with the district attorney asking for a resetting of the case, which was refused. When the case was called, appellant told the court he was ready to go to trial notwith-

standing he had no attorney present. It is averred in the motion for new trial that appellant had a good defense to the charge against him; that if whisky was manufactured on his premises he was not connected therewith and had no knowledge thereof. There was no effort made to support these averments at the time the motion was heard. Appellant simply said he was not guilty of the charge. He sought in no way to explain the presence of the stills, whisky, and mash in his home. The record shows that no one lived at this place except appellant and his wife. The evidence of guilt appears to be overwhelming, and the punishment assessed was the lowest permitted under the law. Appellant having gone to trial without protest in the absence of his attorney, we are of opinion the facts disclosed upon hearing the motion for new trial do not justify this court in disturbing the verdict.

The judgment is therefore affirmed.

On Motion for Rehearing.

LATTIMORE, J. We have carefully considered the motion for rehearing in the light of the affidavits appended thereto upon which is sought to be predicated an excuse for lack of representation by counsel at the trial. The facts in the case seem perfectly to support the conclusion reached by the jury, and we perceive no error in the record of the trial. Appellant was notified that his counsel in Beaumont could not be present and represent him upon the trial. That there were competent attorneys in the county seat in which the trial was had whose services could have been procured by proper effort appears manifest, and no effort to secure their services is shown.

Not being able to agree with the contentions made, the motion for rehearing will be overruled.